IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENETH CASAS-AMADOR,<br>#49869-177,<br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL NO. 3:16-CV-2933-N-BK<br>(Criminal No. 3:15-CR-336-N-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for initial screening. Doc. 2. For the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITHOUT PREJUDICE**.

In April 2016, following his guilty plea to conspiracy to possess a controlled substance with intent to distribute, Petitioner was sentenced to 210 months' imprisonment and a three-year term of supervised release. Crim. Doc. 129. Petitioner's direct appeal of his conviction is pending before the United States Court of Appeals for the Fifth Circuit. *See Casas-Amador v. United States*, 16-10514 (5th Cir.).

A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam), *abrogated on other grounds*. Therefore, Petitioner's request for section 2255 relief should be dismissed without prejudice.

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED WITHOUT PREJUDICE** to it being reasserted after the United States Court of

Appeals for the Fifth Circuit has determined Petitioner's direct criminal appeal.[1]

**SIGNED** November 7, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute of limitations for filing motions to vacate, set aside, or correct sentence is one year, which will apply to any subsequent section 2255 motion that Petitioner files in this Court. 28 U.S.C. § 2255(f)(1)-(4).